UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00228-JMS-MJD |
| | ) | |
| WILSON Sgt., | ) | |
| COBB Sgt., | ) | |
| RANEY, | ) | |
| D. RUSSELL, | ) | |
| R. BROWN, | ) | |
| MANLY, | ) | |
| RINDHEART, | ) | |
| MCDONALD, | ) | |
| K. LOVEALL, | ) | |
| L. E. MILLER, | ) | |
| C. M. RINEHART, | ) | |
| T. D. TURNER, | ) | |
| BREWER, | ) | |
| SWICK, | ) | |
| C. NICHOLSON, | ) | |
| DREDA Sgt., | ) | |
| | ) | |
| Defendants. | ) | |

**Corrected[1]
Order Screening Complaint,
Dismissing Deficient Claims,
and Directing Issuance and Service of Process**

Christopher L. Scruggs, an inmate in the Indiana Department of Correction (IDOC), commenced this 42 U.S.C. § 1983 action on May 10, 2019, against sixteen employees of the Wabash Valley Correctional Facility. Mr. Scruggs has been granted *in forma pauperis* status and his complaint is now ready for screening.

---

[1] This Corrected Order Screening Complaint is identical in all respects to the original order except for the date of the alleged incident reflected on page 2. The year has been corrected from "2019" to "2018," the year alleged in the complaint.

1

## I. Screening Standard

Because Mr. Scruggs is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Scruggs are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

## II. The Complaint

Mr. Scruggs is suing defendants Sgt. Wilson, Sgt. Cobb, Raney, D. Russell, R. Brown, Manly, Rindheart, McDonald, K. Loveall, L.E. Miller, C.M. Rinehart, T.D. Turner, Brewer, Swick, C. Nicholson, and Sgt. Dreda. He asserts five claims under the First and Eighth Amendments. In the complaint Mr. Scruggs alleges the following:

On the morning of May 8, 2018, Mr. Scruggs was pepper sprayed by Swick at the direction of Sgt. Wilson in retaliation for his filing of a Prison Rape Elimination Act (PREA) report on Wilson. McDonald and Rindheart were passing out food trays, watched, and failed to intervene. Manly then used a battering ram to ram into Mr. Scruggs several times. Mr. Scruggs was then taken to the medical room where he was beaten by Sgt. Wilson, Swick, Manly, and Rindheart.

Mr. Scruggs was then dragged to a shower and then back to a hallway where Swick placed his genitals into Mr. Scruggs's handcuffed hands. Rindheart and Manly continued to assault him while Nurse K. Loveall and Nurse T.D. Turner watched and did not intervene. Rindheart's assault on Mr. Scruggs was in retaliation for Mr. Scruggs's yelling and awakening other inmates. Mr. Scruggs had exited his cell at 6:00 a.m. to yell and scream at the other inmates, waking them up, to encourage them to sign up for showers and recreation.

Following these events, Mr. Scruggs was placed in a black chair, restrained with hand and leg cuffs as well as chair restraints, and kept there for seven hours by Manly, Rindheart, Sgt. Cobb, Brewer, Swick, Sgt. Dreda, Sgt. Wilson, and unnamed others. D. Russell and R. Brown had ordered Mr. Scruggs to be placed in the chair. Being strapped in the chair caused Mr. Scruggs a great deal of pain. Nurse L.E. Miller would not write in Mr. Scruggs's medical records that he was in the chair, and participated in causing pain to Mr. Scruggs's legs and arms. After five hours, when he needed to urinate, Mr. Scruggs told officers he had a bladder problem and took blood thinners, but they would not let him out of the chair, so he urinated on himself. Because he had been spitting at the officers, a spit mask was placed over Mr. Scruggs's head. The spit mask had been soaked in pepper spray.

Nurse Miller knew that Mr. Scruggs had been in the chair too long and was in pain yet she was deliberately indifferent to his serious medical needs (pain) and failed to protect his health and safety.

Mr. Scruggs told Raney of IDOC's Investigations and Intelligence Division that Wilson, Manly, Rindheart, McDonald, "and others" were out to harm him. He was told that his assertion named too many people for officials to do anything about because "it was a whole shift of people." Dkt. 1, p. 10. Mr. Scruggs asserts that therefore Raney failed to protect him. He also asserts that

he told R. Brown, Brewer, and D. Russell "face-to-face" that Wilson and others were out to get him and were tampering with his food. Mr. Scruggs also wrote to R. Brown about these problems but R. Brown has not done anything. Therefore R. Brown, Brewer, and D. Russell also failed to protect him.

Mr. Scruggs also asserts that Wilson "writes him up" in retaliation for his filing of a PREA report.

Finally, Mr. Scruggs asserts that Lieutenant C. Nicholson is hiding video of this incident.

Mr. Scruggs seeks injunctive relief and compensatory damages.

### III. Analysis

Giving Mr. Scruggs's complaint the liberal interpretation the Court is required to do, and applying the generous screening standards discussed in Section I, the Court must at this point disregard Mr. Scruggs's pleading inconsistencies and allow claims to proceed.

Mr. Scruggs's Eighth Amendment excessive force claims **shall proceed** against Sgt. Wilson, Sgt. Cobb, Raney, Manly, Rindheart, McDonald, Brewer, Swick, Dreda, and Nurse L.E. Miller.

The Eighth Amendment failure to protect or intervene claims **shall proceed** against D. Russell, R. Brown, Raney, Brewer, Nurse Miller, Nurse K. Loveall, and Nurse T.D. Turner.

The Eighth Amendment deliberate indifference to serious medical needs claims **shall proceed** against Nurse Miller, Nurse Loveall, and Nurse Turner.

The First Amendment retaliation claims **shall proceed** against Sgt. Wilson, Rindheart, and Swick.

Defendant C.M. Rinehart is listed as a defendant but no claim is made against him. Any claim against C.M. Rinehart is therefore **dismissed** for failure to state a claim upon which relief can be granted. The **clerk is directed** to terminate C.M. Rinehart from the docket.

Defendant C. Nicholson is alleged to have hidden video about this incident from Mr. Scruggs. There is no constitutional right to receive or preserve evidence in an incident for which no litigation is pending. Any claim against C. Nicholson is **dismissed** for failure to state a claim upon which relief can be granted. The **clerk is directed** to terminate C. Nicholson from the docket.

These are the only viable claims the Court discerns from Mr. Scruggs's complaint. If Mr. Scruggs believes the Court has overlooked and claim and/or defendants, he shall have through **July 22, 2019**, in which to file a motion to reconsider or an amended complaint that cures the deficiencies identified in this Order. If an amended complaint is filed, it must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and contain a *short and plain* statement of the claim showing an entitlement to relief.

Nothing in this screening analysis should be construed to prohibit any defendant from pursuing applicable motions under Rule 12 of the Federal Rules of Civil Procedure.

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Sgt. Wilson, Sgt. Cobb, Raney, D. Russell, R. Brown, Manly, Rindheart, McDonald, Nurse K. Loveall, Nurse L.E. Miller, Nurse T.D. Turner, Brewer, Swick, and Sgt. Dreda in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to send a courtesy copy of this Order to attorney Douglass Bitner at the address noted in the distribution list below.

## V. Conclusion

In this Order the Court has 1) screened the complaint, 2) directed First and Eighth Amendment claims to proceed against fourteen defendants, 3) dismissed any claims against C.M. Rinehart and C. Nicholson and directed the clerk to terminate these defendants from the docket, and 4) directed the issuance and service of process.

**IT IS SO ORDERED**.

Date: 6/20/2019

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher L. Scruggs
957096
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

By electronic service to the Wabash Valley Correction Facility:
    Sgt. Wilson
    Sgt. Cobb
    Raney
    D. Russell
    R. Brown
    Manly
    Rindheart
    McDonald
    Brewer
    Swick
    Sgt. Dreda

By United States Mail to:

Nurse K. Loveall
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old Us Hwy 41
Carlisle, IN 47838

Nurse L.E. Miller
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old Us Hwy 41
Carlisle, IN 47838

Nurse T.D. Turner
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old Us Hwy 41
Carlisle, IN 47838

Douglass R. Bitner
Katz Korin Cunningham PC
334 N. Senate Avenue
Indianapolis, IN  46204