Case 2:19-cv-00228-JMS-MJD Document 41 Filed 08/28/19 Page 1 of 11 PageID #: 145

FILED
3:05 pm, Aug 28, 2019
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

SCANNED at WVCF and Emailed on 8/27/19 by HM - 11 pages.

CHRISTOPHER L. SCRUGGS )
)
v. ) Cause No. 2:19-cv-00228-JMS-MJD
)
WILSON et. al. )

## SCRUGGS' REPLY TO DEFENDANTS SECOND NOTICE REGARDING VIDEO EVIDENCE

—11 pages, Video Marked.

Reply: I, Christopher L. Scruggs respectfully give the following as his reply to the defendants' second notice regarding video evidence at [ECF # 39].

1. There is no video from a cell extraction on May 8, 2019, nor of Scruggs being moved to and from medical.

2. The 6 range video is being withheld as Scruggs was on a hunger strike to try to get it back from a Lt. Nicholson who alway lie and hides video, (see) Scruggs v. Davis # 2:19-cv-00096-JMS-MJD in re. of hunger strike. Lt. Nicholson set up the intentional destruction of the 600 range video by stating that he viewed 24 hours of video and did not see me off the range once, and that I need to be more specific as to what time an incident occurs so that precise video may be preserved. This statement was made just so he could get rid of the video evidence..., If Scruggs was lying about something that should be the main video to keep as evidence that Scruggs is a lier and that he files fake lawsuits, what better video evidence could the defendants ask for..., Still there a lot of things wrong here, #1 Scruggs not being dragged on to 600 range for the shower as Scruggs claimed would have be maintained as defense evidence and there should be no question about that being that Scruggs gave notice of lawsuit, #2 Nicholson stated that he did an investigation, yet he claims that the video can not be preserved because he didn't know the time of the incident to which he was investigating, #3 I.I. did an investigation, and I.I. policy states that both I.I. is suppose to preserve all evidence gathered and viewed during a investigation of an incident, and #4 the attached grievance response states that a decontamination shower was offered and that Scruggs refused it. This can in no way be the case as I.D.O.C. policy require that refusal of a decontamination shower be both video/audio recorded are

-1-

evidence. (see) Attachment #1 as to Nicholson's statements, and his "investigation", I.I.'s "investigation".

3. If the video does not start with Scruggs being removed from behind a wall and is being held on both sides by Kindheart on Scruggs' right and Manly on Scruggs' left. (See Attachments #2-1 and 2. In #2-1 Scruggs is being held on the wall by medical after being pepper sprayed. Scruggs has the B on his head, with Manly M to his left and the medical room to Manly's left beside 600 range. Kindheart is to Scruggs' right R and Sgt. Swick behind Scruggs SW. This is where Scruggs was when he was removed from A and taken pass holding cell #1 where Scruggs was pepper sprayed. When Scruggs was moved from behind the A wall and into the B-East Hall past holding cell #1 Sgt. Wilson was there in the Main Hall recording. Thus, this is how the chair video should began. If the video does not began like that, then it has been altered. I was then walked into the Main Hall (front) B. I was first stopped right at the outside of the B-East Hall and Main Hall door at which time I started talking to the video/audio camera/recorder at which time I was moved to face the location B wall, where I then saw the ram that was used on my arm and told the video camera there is the ram thing right there. After that I was moved to C (the black) chair, then Scruggs and the chair was rolled into holding cell #2 where my lines were ran into that seat (wall). There also on that same video should be (2) little arm/leg movements things, both of which I request to use the bathroom and am refused, on the second of which I urinate on myself and in the chair, to which I'm left to sit in and am rolled back into the holding cell #2 the video should also things like me asking to not have my toes ran into a wall and pepper spray/spit mask taken off of me and out of my lap.

4. The Court should also note that all handheld video/audio recordings are to be began with a briefing as to what and why something is being recorded, and end with a debriefing statement in closing. Said briefings and debriefings should be announce and ended with a start and ending date and time. This video is being withheld because Scruggs is talking the whole time and staff are drunk.

5. Scruggs request that the Court please order the facility /defendant to produce the I.D.O.C.'s I.A. or I.I. investigation policy and operating policy as the Court did the video, as the policy will show that only bad-faith would cause the video to be missing and not in full. Superintend states fully viewed. Attachment #4

6. Scruggs will be manually filing another of his videos

-2-

from another of his cases as Attachment #3 here, in showing of how the hand held video/audio recording are suppose to take place, beginning with an opening statement and ending with a closing statement.

7. Scruggs further request that the Court order the defendants attorney(s) to manually file the "edited" video it has now with the Court as to be evidence that the Facility felt the need to hide evidence even though they claim to have been justified in their actions of 5-8-19.

RESPECTFULLY,
Christopher L. Scruggs

---

__ CERTIFICATE OF SERVICE __

I, Christopher L. Scruggs hereby certify that on August 26, 2019 the foregoing "Reply" pursuant to Fed.R.Civ.P. 5(b)(2)(E) was electronically filed with the CLERK of the Court through the Prison E-filing Program.

RESPECTFULLY,
Christopher L. Scruggs
Christopher L. Scruggs #952096
P.O. Box 1111 / SCU-B-U504
Carlisle, In. 47838-1111

ATTACHMENT # 1

Grievance Response #102501



**Indiana Department of Correction**
**Wabash Valley Correctional Facility - Level 4**
## Offender Grievance Response Report
Case Log #: 102501

DOC No: 957096   Offender Name:   Christopher Scruggs   Bldg/Range/Bed: AU-A04-407

Current Facility:  WVE

*TOPIC:*  Staff/Others - Complaints - Other Complaint Against Staff   Incident Date: 08-MAY-18

### Response

| LEVEL | Form Issue Date | Level Receive Date | Response Date |
|---|---|---|---|
| I - Formal Grievance | | 04-JUN-18 | 03-JUL-18 |

**Level Response**

Zone Lieutenant C. Nicholson - I have reviewed the grievance of Offender Scruggs, Christopher #957096. It was a scheduled day off on 5/8/18 so I was not a witness to the incident. I investigated the allegations and find no evidence to support his claims.

O.I.I. Lead Investigator K. McDonald - This had been responded to previously, there is no evidence to support any of your allegations. IDOC does not give polygraphs There is nothing at all to support your allegations.

GS FINDINGS - After review of all the evidence gathered and applicable video watched, it has been found that you were not compliant with staff during your time on suicide watch. You broke state property while in the holding cell and a conduct report was issued and you refused to comply with orders to be taken out of the cell. The barricade buster was utilized to remove the mattress from the door so that staff could gain control of the situation. A decontamination shower was offered and you refused to answer questions asked of you by staff. O.I.I. has investigated your claims against staff on multiple occassions and they have continuously been "unfounded" by O.I.I. My recommendation is that you follow orders given to you by staff so that this situation will not reoccur.

GRIEVANCE DENIED

NOTE: Video of the B6 range on 5/8/18 did not show you being dragged onto the range as you claim. I reviewed 24 hours of video and did not see you on the range in question once. In the future, I recommend you be more specific as to what time an incident occurs so that precise video may be preserved.

| II - Formal Appeal | | 18-JUL-18 | 24-JUL-18 |

**Level Response**

Agree with the Level 1 Response.  Note Zone Lt. C. Nicholson investigated the allegations and no evidence was found to support your claim.

Grievance appeal denied.

By:  L. A. VanNatta, final level of review, Offender Grievance Procedure, Policy #00-02-301.

_____   _____
Executive Assistant       Date

24-JUL-18 09:46 AM                                Page 1 of 2



Indiana Department of Correction
Wabash Valley Correctional Facility - Level 4
Offender Grievance Response Report
Case Log #: 102501

**Student/Offender**                                                                                             **Date**

# ATTACHMENT #2

2-1 Diagram of incidents locations

2-2 Photo of incidents ~~feet~~ locations



I came from behind this wall and into this hallway of B-East when video starts

→ Hall, then B-West

#2 WVE 18-05-0008

ATTACHMENT # 4

Superintendent's Statement

# GRIEVANCE

**INDIANA DEPARTMENT OF CORRECTION**
**REQUEST FOR INTERVIEW**

JUL 11 2018

TO: Dick Brown  — Warden

OFFICE: Superintendent    DATE: 7-9-18

NAME: Christopher L. Scruggs    DOC#: 957096    DORM: Lefty ACRB    ASSIGNMENT: Idle / DS

Reason for request (be as definite as possible): You and your white staff of U.W.V.C.F. 1 SCU, have all consorted to cover-up the 5-8-18 assault on me by hiding video and taking paperwork as to state I was never in the block chair & 4 hours and by stating that the I.I. do not do lie detector test when it's in the I.I. policy that they do. I'm in hunger strike as of 7-9-18. I am on hunger strike until this cover-up is stopped as I know I.I. detector test what happened to me. Give me lie detector test.

Action: Mr. Scruggs  — Mr. Scruggs already is trying to count up everything. We were keep in the lessicent down on it is all documented.

7-16-18    By: [signature] Brown

— DO NOT WRITE BELOW THIS LINE —